# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Esood Al Blad Company ) ASBCA No. 58425
)
Under Contract Nos. URI#125128 )
URI#125131 )
URI#125136 )
URI#125139 )

APPEARANCES FOR THE APPELLANT: Mr. Soodad A. Ahmad
Managing Partner
Mr. Ezhair Hmoodi
Manager

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Nicholes D. Dembinski, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE TUNKS ON
## THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Esood Al Blad Company (appellant) seeks $1,212,000 due to the cancellation of four Memoranda of Agreements (MOAs). The government moves to dismiss the appeal for lack of jurisdiction, alleging that appellant has not submitted a certified claim as required by the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109 and that the MOAs are not contracts within the meaning of the CDA. Appellant opposes dismissal.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. In April 2010, CPT Dolph Watts, the Project Purchasing Officer (PPO) for the Commanders' Emergency Response Program (CERP) at Camp Liberty, Iraq, issued four MOAs to appellant to supply equipment for the Taji, Istiqlal, Madain, and Tarmiyha irrigation projects.[1] The MOAs contained substantially identical provisions.

---

[1] The CERP was created by the Emergency Supplemental Appropriations Act for Defense and for the Reconstruction of Iraq and Afghanistan, 2004. Pub. L. No. 08-106; 117 Stat. 1215 § 1110, to enable military commanders to respond to urgent humanitarian relief and reconstruction requirements for the Iraqi people. Commanders were prohibited from using CERP funds to provide a "Direct or indirect benefit to U.S., coalition, or supporting military personnel." DoD 7000.14-R, vol. 12, ch. 27, § 270301.

2. Paragraph 2 of the MOAs provided, in part, as follows:

    a. The purpose of this project is to provide a wheeled excavator, as per the specifications listed in the SoW [Scope of Work], and a Toyota HILUX Pickup truck and associated filters and training for the Ministry of Water Resources....

    ....

    c. Cost of the contract is $303,000.00 USD.

    ....

    g. This agreement does not become effective until funding is approved and a Notice To Proceed [NTP] is signed by both parties. `

    h. Joint Forces reserve the right to cancel the contract at any time for any reason. In the event this happens, payment will be made for the percentage of work complete.

(R4, tabs 1-4)

3. The Scope of Work specified Liebherr excavators (R4, tabs 5-8).

4. CPT Watts issued the Taji MOA on 25 April 2010. Mr. Ezhair Hmoodi, appellant's manager, signed the MOA. (R4, tab 1 at GOV002) CPT Watts issued the MOAs for the Istiqlal, Madain, and Tarmiyah projects on 29 April 2010 (R4, tabs 2-4). The copies of the MOAs in the record were not signed by appellant. However, in other evidence, appellant acknowledges that it signed all four MOAs and we so find. (SOF ¶ 11)

5. CPT Watts issued the NTP for the Taji MOA on 25 April 2010 (R4, tab 13 at GOV041). He issued the NTPs for the Madain and Tarmiyah MOAs on 29 April 2010. The NTP for the Istiqlal MOA was issued on 30 April 2010. (R4, tabs 9, 10, 12) None of the NTPs in the record bear appellant's signature.

6. The delivery date for the equipment was 5 June 2010 (R4, tab 16 at GOV047).

7. Appellant allegedly purchased four Liebherr excavators and four Toyota HILUX pickup trucks from Wahab Technical Supplies (Wahab) on 29 April, 1 May, and

3 May 2010. The invoices stated that the excavators would be delivered to the Port of Basrah in 28 days and that the pickup trucks would be delivered in 14 days. (R4, tabs 11, 13-15) The purchase price was $941,600 ($235,400 for one excavator and one pickup truck). The terms of the sale required appellant to prepay 50 percent of the purchase price or $470,800 ($117,700 for one excavator and one pickup truck). The prepaid amount was not refundable. (*Id.*)

8. On or about 8 May 2010, appellant requested a 30-day extension of the delivery date (R4, tab 16 at GOV050-52).

9. On 8 May 2010, CPT Watts cancelled the MOAs, stating as follows:

> I will have to exercise paragraph 2h of the [MOA] on all four contracts.... Extension of the contracts to 60 days from your bid and contract agreement of 30 days is not acceptable. As these contracts were purchase contracts and were contracted to be payable in full upon delivery, the[y] are considered to be at 0% completion and no partial payment is planned.... By signing the [MOA] you signified that you were still able to complete the contract within the agreed upon conditions. Failure to be able to do so is a breach of contract on your part.

(R4, tab 16 at GOV049-50)

10. On 21 May 2010, CPT Watts emailed appellant as follows:

> As we have told you repeatedly, [t]hese contracts are cancelled. The original delivery date...was critical. I will soon lose my computer access as our unit prepares to leave the Iraq theatre. We do NOT have a replacement unit to carry on our projects.... We will not purchase Sumitomo excavators and we will not extend the project deadlines. Unless you can deliver the original[ly] bid Leibherr excavators by the first week in June (the original bid dates)...there is nothing left to discuss or consider.

(R4, tab 16 at GOV046)

11. On 30 June 2011, appellant emailed an uncertified claim to the Rock Island Contracting Center, stating as follows:

> I have signed Four Contracts [w]ith [the 16th Engineer Brigade] in 2010 but after 15 days of the award and after we

3

have purchased the equipments [w]e have received email
from the [PPO] said ((we are not longer in Iraq)) but we have
purchased the equipments and we have paid more of
$ 500,000 and because this projects our company has been
damaged...please could you...help me[.]

(R4, tab 17 at GOV057)

12. On 10 August 2011, Ms. Joan F. Wysoske, the contracting officer, denied appellant's claim, stating as follows:

No work was performed, nor delivery of goods was ever
made or contractually agreed upon. As clearly stated in
paragraph 2, section (g), of each MOA, "This agreement does
not become effective until funding is approved and a [NTP] is
signed by both parties". Funding was never approved, nor
was a contract ever signed between either party.

(R4, tab 30 at GOV178-79)

13. On 1 October 2011, COL James E. Simpson, the Senior Contracting Official-Iraq, affirmed the denial of the claim, stating, that:

Esood failed to provide...proof that Liehberr [sic]
Excavators or Toyota Pickup Trucks were actually ordered,
received and fully paid for. My staff researched [Wahab] in
Dubai and learned that this company sells computer and
photographic equipment and accessories. Further, an attempt
to reach the Sales Manager who signed each invoice was
unsuccessful.

(R4, tab 33 at GOV193-94, ¶ 2.b.)

14. On 4 December 2012, appellant appealed the denial of its claim to this Board. We docketed the appeal as ASBCA No. 58425.

4

## DECISION

In order for the Board to have jurisdiction of a claim of more than $100,000 under the CDA, the contractor must certify that:

> (A) the claim is made in good faith;
> (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;
> (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and
> (D) the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b)(1). A defective certification does not deprive the Board of jurisdiction; however, the complete absence of a certification is not a jurisdictional defect that can be corrected after an appeal has been filed. *New Iraq Ahd Company*, ASBCA No. 58800, 14-1 BCA ¶ 35,479.

The CDA does not define the term "claim." Appellant submitted a written demand for payment of $500,000 by email on 30 June 2011. However, there is no indication from the email that appellant provided the required certification necessary for this to be considered a claim under the CDA. The absence of the certification is fatal and not a defect that can be corrected. As a result, no claim was submitted to the government and the Board lacks jurisdiction over the appeal.

## CONCLUSION

Because appellant's demand for payment of $500,000 was not certified, it does not constitute a claim under the CDA. The government's motion is granted and the appeal is dismissed without prejudice for lack of jurisdiction.[2]

Dated: 4 April 2014

ELIZABETH A. TUNKS
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[2] We express no opinion on any other jurisdictional defects that may or may not be present.

5

I concur

I concur


MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

DIANA S. DICKINSON
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58425 Appeal of Esood Al Blad Company, rendered in conformance with the Board's Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6